**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JEREMY FARMER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CASE NO. 4:13cv472 |
| | § | Judge Clark/Judge Mazzant |
| BANK OF AMERICA, N.A. and U.S. | § | |
| BANK, NATIONAL ASSOCIATION, AS | § | |
| SUCCESSOR TRUSTEE TO BANK OF | § | |
| AMERICA, N.A. AS SUCCESSOR TO | § | |
| LASALLE BANK, N.A. AS TRUSTEE | § | |
| FOR THE HOLDERS OF THE | § | |
| MERRILL LYNCH FIRST FRANKLIN | § | |
| MORTGAGE LOAN TRUST, | § | |
| MORTGAGE LOAN ASSET-BACKED | § | |
| CERTIFICATES, SERIES 2007-FF2 | § | |
| | § | |
| *Defendants.* | § | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On July 15, 2014, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion for Summary Judgment [Doc. #25] be granted in part and denied in part [Doc. #35]. On July 29, 2014, Plaintiff filed Objections to the Report and Recommendation of the Magistrate Judge [Doc. #37]. On August 4, 2014, Defendants filed a response [Doc. #38]. On August 14, 2014, Plaintiff filed a reply [Doc. #40].

1

The Magistrate Judge recommended that Defendants' motion for summary judgment should be granted as to all claims expect for Plaintiff's claims pursuant to the Real Estate Settlement Procedures Act ("RESPA"). Defendants filed no objections to the recommended disposition of the RESPA claims, and the court adopts those findings. The RESPA claims will proceed to trial.

Plaintiff only objects to the recommended dismissal of his claims for violations of the Texas Property Code and breach of contract claims.

Plaintiff first objects to the recommended dismissal of Plaintiff's claim for violation of the Texas Property Code without prejudice. The Magistrate Judge concluded that Plaintiff's claims under the Texas Property Code are not relevant because Plaintiff is not asserting a cause of action for wrongful foreclosure and that Plaintiff has not sustained any damages from the alleged lack of notice of default. The Magistrate Judge recommended dismissal without prejudice. Plaintiff asserts that there is a private right of action for breach of the Texas Property Code while admitting that the Magistrate Judge never addressed this issue. He nonetheless asserts objects, on the grounds that the report implies that there is no private right of action for a violation of the Texas Property Code.

The Magistrate Judge correctly recommended dismissal of the alleged Property Code violations because no foreclosure had taken place. Plaintiff fails to object to the Magistrate Judge's finding that no damages for breach of the Texas Property Code exist, since Defendants rescinded the prior foreclosure notices and no foreclosure sale was completed. Plaintiff alleges these violations regarding foreclosure. But the summary judgement is clear

that no foreclosure sale of the property was ever conducted despite Plaintiff's living in the property without paying his mortgage since September 2008, or the property taxes and paying insurance in the amount of over $41,000. The fact that Defendants have not proceeded to foreclose upon the property is a mystery to the court. Plaintiff's objection to any alleged implied findings of the Magistrate Judge are overruled; the Magistrate Judge never addressed whether there was a private right of action for violation of the Texas Property Code.

Plaintiff's last objection is that the Magistrate Judge erred in recommending dismissal of his breach of contract claim. Plaintiff first asserts that his breach of contract claim is based upon the failure to receive proper notice as required under the Deed of Trust.

The Magistrate Judge found that under Texas law it is a well-established rule that a party to a contract who is himself in default cannot maintain a suit for its breach. The Magistrate Judge also explained that a party's nonperformance of a contract will be excused when that party's performance is prevented by the other party. The Magistrate Judge found that there was no evidence that Defendants did anything to prevent Plaintiff from meeting his obligations under the Note and Deed of Trust, and concluded that Plaintiff's claim fails because of his breach.

Plaintiff points to several other cases from district courts in Texas for the proposition that a plaintiff can maintain a breach of contract claim for failure to provide notice, even when he is in default. The court is not required to address this because in this case, there was no foreclosure and there were no damages. Moreover, the court finds that proper notice was sent. Thus, Plaintiff has failed to create a fact issue as to his breach of contract claim.

Plaintiff also asserts in his objections, for the first time, that he should be allowed to bring a breach of contract claim regarding unreasonable and excessive charges, such as the inspection

and photo fees, which only come into play where a loan is in default. Plaintiff cannot assert new claims at the time of his objections. This claim was not alleged in Plaintiff's latest complaint and is considered waived.

Having received the report of the United States Magistrate Judge, and considering the objections, and reply thereto filed by Plaintiff [Doc. #37, #40], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment [Doc. #25] is **GRANTED** in part and all of Plaintiff's claims are **DISMISSED** with the exception of the RESPA claims, which will proceed to trial.

. So **ORDERED** and **SIGNED** this **19** day of **August, 2014.**

_____
Ron Clark, United States District Judge